IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL JOSEPH HENRY,

    Petitioner,

v.

BARRY SMITH, et al.,

    Respondents.

CIVIL ACTION
NO. 16-5010

## OPINION

**Slomsky, J.**                                                                                                                                                                                                 July 10, 2017

### I.    INTRODUCTION

Before the Court is the pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 of Michael Joseph Henry ("Petitioner"), a prisoner incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania. (Doc. No. 3.) United States Magistrate Judge Marilyn Heffley issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and that a certificate of appealability not be issued. (Doc. No. 13.) Petitioner has filed Objections to the R&R. (Doc. No. 14.) For reasons stated below, the Court will approve and adopt the R&R (Doc. No. 13), and will deny the Petition (Doc. No. 3).[1]

### II.    BACKGROUND

On March 12, 2013, Petitioner was convicted in state court of nine counts of making a false written statement concerning the purchase of a firearm in violation of 18 Pa. Const. Stat. Ann. § 6111(g)(4), seven counts of unlawfully transferring a firearm in violation of 18 Pa. Const.

---

[1]   For the purposes of this Opinion, the Court has considered Petitioner's Revised Habeas Corpus Petition (Doc. No. 3), the Response in Opposition to the Petition (Doc. No. 10), Petitioner's Reply (Doc. No. 11), the Report and Recommendation (Doc. No. 13), Petitioner's Objections to the Report and Recommendation (Doc. No. 14), and the pertinent state court record.

1

Stat. Ann. § 6111(g)(1), and seven counts of making a false unsworn statement to authorities in violation of 18 Pa. Const. Stat. Ann. § 4904(B). (Doc. No. 13 at 1.) The trial court sentenced Petitioner to 20 to 66 years' imprisonment. (Id.) On May 12, 2015, the Pennsylvania Superior Court affirmed the judgment of sentence. (Id.) Petitioner did not appeal the decision to the Pennsylvania Supreme Court or file a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). (Id. at 2.)

On October 16, 2015, Petitioner filed the present pro se Petition for Writ of Habeas Corpus.[2] Petitioner argued that:

> (1) Pennsylvania lacked the power to prosecute him because it "abdicated its Tenth Amendment sovereign police power to prosecute" by opting into the Violent Offender Incarceration and Truth in Sentencing Incentive Program; (2) the prosecution's failure to draft bills of information in the conjunctive, as opposed to the disjunctive, and to charge the essential elements that rendered his crime "aggravated," deprived the trial court of subject matter jurisdiction; (3) counsel was ineffective in failing to properly advise him of the trial court's lack of jurisdiction to convict him; (4) his sentence was unconstitutional because it was ex post facto and constituted cruel and unusual punishment; and (5) counsel was ineffective in failing to object to inflammatory victim impact statements and other exhibits in the presentencing report.

(Doc. No. 13 at 2.) On February 28, 2017, Magistrate Judge Heffley issued an R&R that recommended denying Petitioner's claims as untimely. (Id. at 1.) On March 14, 2017, Petitioner filed Objections to the R&R. (Doc. No. 14.) For the following reasons, the Court will approve and adopt the R&R (Doc. No. 13), and will deny the Petition (Doc. No. 3).

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on

---

[2] Petitioner's claim was received by the Clerk of this Court on October 20, 2016. (Doc. No. 1 at 1.) However, it was filed according to the date on the document, October 16, 2016, in accordance with the prison mailbox rule. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

2

petitions for post-conviction relief. See 28 U.S.C. § 636(b)(1)(B); E.D. Pa. Civ. R. 72.1. Any party may file objections in response to the magistrate judge's report and recommendation. Id. at § 636(b)(1)(C). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id. "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. E.D. Pa. Civ. R. 72.1. Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

3

## IV. ANALYSIS

Petitioner makes five objections to the R&R. (Doc. No. 14.) First, Petitioner argues that the Magistrate Judge's review of the Petition violated his right to due process of law. (Id. at 5-13.) Second, Petitioner objects to the Magistrate Judge's finding that the Petition was untimely, arguing that the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional. (Id. at 13-29.) Third, Petitioner asserts in the alternative that he should be granted an exception to the imposition of the AEDPA's statute of limitations because of his counsel's negligence. (Id. at 29-33.) Fourth, Petitioner argues that the AEDPA's statute of limitations should be equitably tolled. (Id. at 34-37.) Fifth, Petitioner disputes the Magistrate Judge's recommendation that he should not be granted a certificate of appealability. (Id. at 3.)

### A. Petitioner's Objection to the Magistrate Judge's Review Is Meritless

In his first objection, Petitioner claims that he was denied due process of law because he did not consent to referring the case to Magistrate Judge Marilyn Heffley for a Report and Recommendation. (Id. at 5-12.) He believes that the scope of a magistrate judge's review is limited to conducting an evidentiary hearing. (Id. at 12-13.) This claim, however, is without merit.

District courts may refer matters to magistrate judges. Section 636(b)(1) sets out the scope of a magistrate judge's review. 28 U.S.C. § 636(b)(1). It states as follows:

Notwithstanding any provision of law to the contrary—

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may

4

> reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
>> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

Although consent is required for civil matters referred to magistrate judges under 28 U.S.C. § 636(c),[3] petitions for writ of habeas corpus are governed by 28 U.S.C. § 636(b)(1)(B),

---

[3] 28 U.S.C. § 636(c) provides as follows:

> (c) Notwithstanding any provision of law to the contrary—
>
> (1) Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate judge may exercise such jurisdiction, if such magistrate judge meets the bar membership requirements set forth in section 631(b)(1) and the chief judge of the

which allows a district court to designate a matter to a magistrate judge and to conduct hearings and make proposed findings of fact and recommendations on the disposition of applications for post-trial relief made by individuals convicted of criminal offenses. Therefore, Petitioner's

---

district court certifies that a full-time magistrate judge is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, designation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.

(2) If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

(3) Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court. The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Nothing in this paragraph shall be construed as a limitation of any party's right to seek review by the Supreme Court of the United States.

(4) The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

(5) The magistrate judge shall, subject to guidelines of the Judicial Conference, determine whether the record taken pursuant to this section shall be taken by electronic sound recording, by a court reporter, or by other means.

28 U.S.C. § 636(c).

consent was not required for Magistrate Judge Heffley's review of the Petition in this case.

Petitioner also claims that Rule 8 of the Rules Governing 28 U.S.C. § 2254 Cases restricts the roles of a magistrate judge and a district court. Rather than limiting a magistrate judge's role, Rule 8 describes a district court's discretion: "A judge may, under 28 U.S.C. § 636(b), refer the petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition." Rule 8(b), Rules Governing 28 U.S.C. § 2254 Cases. The district court conducts the final review and "may adopt, reject or modify any proposed finding or recommendation." Id. The Court's referral, the Magistrate Judge's review, and the R&R were all conducted in accordance with the Rules Governing 28 U.S.C. 2254 Cases and did not deny Petitioner due process.

### B. Petitioner's Objection to the Determination That the Petition Is Untimely Is Without Merit

Petitioner secondly objects to the R&R on the basis that his Petition should not be considered untimely. He argues that the one-year statute of limitations, which rendered his petition untimely, is unconstitutional. (Doc. No. 14 at 13-29.) In particular, he claims that the AEDPA's statute of limitations violates the Suspension Clause, U.S. Const., art. I, § 9, cl. 2, because the writ of habeas corpus cannot be limited in any way. (Id.)

#### 1. Timeliness

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which enacted a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. In the absence of one of the circumstances described in § 2244(d)(1)(B)-(D), the one-year period begins to run on the date the judgment of sentence became final in state court and is tolled only by a properly filed application for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(1)(A). On May 12, 2015, Petitioner's conviction was upheld by the Pennsylvania Superior Court. (Doc. No. 13 at 1-2.) On June 11, 2015, the thirty-day period for allowance of appeal expired and the judgment became final. See Pa. R. App. P. 1113(a). As a result, Petitioner's time to file a federal habeas petition expired on June 13, 2016, unless one of the exceptions under § 2244(d)(1)(B)-(D) applied. (Doc. No. 13 at 4.)

### 2. The AEDPA's Statute of Limitations Does Not Violate the Suspension Clause of the United States Constitution

As noted, Petitioner contends that the AEDPA's statute of limitations is unconstitutional because it violates the Suspension Clause of the United States Constitution. (Doc. No. 14 at 13-29.) The Suspension Clause guarantees that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., art. I, § 9, cl. 2. Statutes placing conditions or limitations on habeas corpus

proceedings violate the Suspension Clause only if they render the habeas remedy "inadequate or ineffective." Swain v. Pressley, 430 U.S. 372, 381 (1977) (quoting United States v. Hayman, 342 U.S. 205, 223 (1952)). Thus, the one-year limitation on filing habeas petitions is constitutional, provided it does not "render[] the habeas remedy 'inadequate or ineffective' to test the legality of detention." Drach v. Bruce, 305 F. App'x 514, 518 (10th Cir. 2008) (quoting Swain, 430 U.S. at 381).

The AEDPA's one-year statute of limitations for initial petitions has repeatedly been found constitutional because the imposition of a one-year limit does not unduly burden the right to petition for habeas corpus. It provides a petitioner with a sufficient opportunity to file his petition. In fact, the United States Court of Appeals for the Third Circuit has recently found the AEDPA's one-year statute of limitations constitutional. Pittman v. Clinton, No. 16-3655, 2017 U.S. App. LEXIS 1520 (3d Cir. Jan. 27, 2017).[4] Courts have held that the writ is not rendered inadequate or ineffective when petitioners have "some reasonable opportunity to have their [habeas corpus] claims heard on the merits," which is afforded by the AEDPA's one-year statute of limitations. See Thompson v. Southers, No. 12-123, 2012 WL 5269261, at *2 (E.D. Pa. Oct. 25, 2012); see also Gardner v. Wenerowicz, No. 14-2903, 2016 WL 4582077, at *4 (E.D. Pa. July 29, 2016), report and recommendation adopted, No. 14-2903, 2016 WL 4574649 (E.D. Pa. Sept. 1, 2016); Vanzant v. DiGuglielmo, No. 08-5111, 2009 WL 6667923, at *13-14 (E.D. Pa.

---

[4] Circuit Courts of Appeal that have considered this question also have found that the AEDPA's statute of limitations is constitutional. See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 n.3 (11th Cir. 2000) (collecting cases); see also Delaney v. Matesanz, 264 F.3d 7, 11-12 (1st Cir. 2001); Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d Cir. 2000); Molo v Johnson, 207 F.3d 773, 775 (5th Cir. 2000); Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998).

Nov. 20, 2009), report and recommendation adopted, No. 08-5111, 2010 WL 2813414, (E.D. Pa. July 14, 2010).

Because Petitioner did not take advantage of the reasonable opportunity to timely file his Petition within the one year period afforded by the AEDPA, the Petition was time-barred.[5] Therefore, Petitioner's claim that the AEDPA's one-year statute of limitations is unconstitutional for violating the Suspension Clause is unpersuasive.

### C. Petitioner's Third Objection Is Without Merit Because the Exceptions to the AEDPA One-Year Statute of Limitations Do Not Apply Here

Petitioner's third objection is that he should not be held to the AEDPA's one-year statute of limitations because exceptions to this time limit apply to his case. (Doc. No. 14 at 29-33.) Petitioner argues that the negligent acts of his counsel qualify as exceptions sufficient to delay the accrual of time under § 2244(d)(1)(B) and § 2244(d)(1)(D). (Id.) In particular, Petitioner asserts that his counsel in the state court proceedings, the Montgomery County Public Defender, failed to inform him that his direct appeal had been denied by the Pennsylvania Superior Court on May 12, 2015. (Doc. No. 13 at 6.) Petitioner maintains that he only learned of the denial of his appeal on August, 15, 2016, after he inquired about the status of his appeal. (Id.) Petitioner alleges that he decided to write to the court directly because another inmate suggested that he do so. (Id.) The actions of Petitioner's counsel in failing to inform him of the denial of his appeal, however, do not qualify as an exception.

---

[5] As noted in the R&R, Petitioner's continued reliance on dicta in United States v. Smith, 331 U.S. 469, 475 (1947) is unpersuasive. In 1947, the Court in Smith acknowledged that habeas corpus had not been subject to time limits. However, the United States Supreme Court did not rule that Congress lacked the power to enact limitations. Id. In any event, Petitioner's contention that Congress usurped the courts' power to adopt rules governing habeas proceedings in violation of the separation of powers doctrine contravenes precedent. Felker v. Turpin, 518 U.S. 651 (1996) (quoting Lonchar v. Thomas, 517 U.S. 314 (1996)) ("[J]udgments about the proper scope of the writ are 'normally for Congress to make.'"). Therefore, Petitioner's reliance on Smith is unavailing.

As noted, § 2244(d)(1)(B)-(D) set forth exceptions that delay the accrual of the AEDPA statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under § 2244(d)(1)(B), an exception applies where state action constitutes an illegal or unconstitutional impediment to the Petitioner filing the writ. Additionally, pursuant to § 2244(d)(1)(C), if Petitioner's claim involves a constitutional right recognized for the first time by the United States Supreme Court, an exception to the statute of limitations will be recognized. Finally, under § 2244(d)(1)(D), an exception can be triggered by the emergence of new facts, not previously discoverable by due diligence, which form the basis of a claim.

Petitioner asserts that the exceptions under § 2244(d)(1)(B) and § 2244(d)(1)(D) apply to his case. (Doc. No. 14 at 1-2, 32-33.)

As noted, § 2244(d)(1)(B) permits an exception to the one-year statute of limitations when state action constitutes an illegal or unconstitutional impediment to a petitioner filing his habeas petition. However, there is no state action here. Petitioner asserts that because his counsel was a public defender, paid for by the state, his counsel's representation constituted state action. (Doc. No. 14 at 1.)

Petitioner's ineffective assistance of counsel claim will not satisfy the state action required for an exception under § 2244(d)(1)(B) because the "conduct of counsel, whether retained or appointed, does not constitute state action." See Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007); see also Bailey v. Marcus, No. 13-255, 2013 U.S. Dist. LEXIS 76535, at *3-4 (W.D. Pa. May 31, 2013). A public defender representing a defendant in a criminal case is not engaged in state action, even if a state pays for his services. Polk County v. Dodson, 454 U.S. 312, 320-21 (1981).[6] Public defenders paid by a state are subject to the cannons of ethics, which require all counsel to "exercise [their] independent judgment on behalf of the client." Id. at 321. Moreover, a state has a "constitutional obligation . . . to respect the professional independence of the public defenders whom it engages." Id. at 321-22. Therefore, a public defender's negligence is not state action triggering an exception to the AEDPA's one-year statute of limitations. Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005); United States v. Pierce, No. 10-4168, 2010 WL

---

[6] The Magistrate Judge observed that:

> Although the Polk County Court addressed the issue [of] whether a public defender acted 'under color of law' for purposes of 42 U.S.C. § 1983, the Supreme Court has held that 'the reasoning employed in Polk County is equally applicable to 'state action' cases." Blum v. Yaretsky, 457 U.S. 991, 1005 n.20 (1982); accord Georgia v. McCollum, 505 U.S. 42, 53 n.9 (1992).

(Doc. No. 13 at 6 n.4.)

4628765, at *8-9 (N.D. Ill. Nov. 8, 2010); Boos v. Fabian, No. 05-523, 2008 WL 398787, at *8 (D. Minn. Feb. 12, 2008); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 105 (D. Mass. 2001).

Petitioner further contends that the exception under § 2244(d)(1)(D) applies to his case to delay the accrual of the one-year limitation period. (Doc. No. 14 at 1-2, 32-33.) As previously noted, § 2244(d)(1)(D) permits an exception to the accrual of the one-year statute of limitations when the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The R&R explained that this exception does not apply for the following reason:

> Henry also contends that the start of his time for filing did not accrue under § 2244(d)(1)(D) until after August 17, 2016 because he did not learn of the factual predicate for his claims until that date, when he was informed of his trial counsel's legal errors by a fellow prisoner. Reply at 8. Henry asserts that he "did not learn of the 'facts' of the constitutional and jurisdictional errors invalidating every stage of the void ab initio criminal proceedings until a fellow-prisoner reviewed the record and informed him of the public defender's ineffectiveness in failing to protect his rights throughout the criminal proceedings." Id. Thus, the lack of knowledge that Henry argues entitles him to tolling under § 2244(d)(1)(D) is his lack of knowledge of the legal arguments, listed supra in Section I, that he seeks to raise now in his habeas petition. See Reply at 8-9. The "factual predicate" that a petitioner must not have known previously in order to invoke § 2244(d)(1)(D) is "the 'vital facts' underlying those claims." McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007) (quoting Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)). Lack of knowledge of the legal basis for a claim is not a ground for invoking that section's provision. "The case law consistently draws a distinction between delayed awareness of vital facts (which will delay accrual), and delayed awareness of the legal significance of those facts (which will not)." Chang-Cruz v. Hendricks, No. CIV. 12-7167 KM, 2013 WL 5966420, at *3 (D.N.J. Nov. 7, 2013). "In other words, the limitations period begins when the petitioner knows—or, through diligence, could discover—the important facts, not when the petitioner recognizes their legal significance." Harper v. United States, No. 4:07-CR-00339, 2012 WL 32920, at *3 (M.D. Pa. Jan. 6, 2012); accord Green v. Kerestes, No. 1:13-CV-827, 2013 WL 6567912, at *6 (M.D. Pa. Dec. 13, 2013); Clay v. Sobina, No. CIV. A. 06-861, 2007 WL 950384, at *2 (W.D. Pa. Mar. 26, 2007); see also Klein v. Franklin, 437 F. App'x 681, 684 (10th Cir. 2011); United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001). Henry's lack of knowledge about the purported legal bases for the [claims] he raises in his petition provide no statutory

13

> basis for delaying the running of the AEDPA's one-year limitation period on the filing of habeas petitions.

(Doc. No. 13 at 7-8.)

In his Objections, Petitioner also argues that learning of the denial of his appeal on August 15, 2016 is a new fact that could not have been discovered earlier, and should delay the accrual of the one-year limitation period pursuant to § 2244(d)(1)(D). (Doc. No. 14 at 32.) However, "[b]y its language, the one-year period commences under section 2244(d)(1)(D) when the factual predicate of the claim could have been discovered through the exercise of due diligence, not when it actually was discovered." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004). The exception in § 2244(d)(1)(D) provides a petitioner with a later accrual date "only 'if vital facts could not have been known.'" Id. (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).

If Petitioner had exercised due diligence, he could have discovered that his appeal was denied more than one year before August 15, 2016. See Schlueter, 384 F.3d at 74. Petitioner alleges that he discovered his appeal was denied on August 15, 2016. However, he has not demonstrated that he exercised due diligence to discover that his appeal had been denied before that time. See Wright v. Kerestes, No. 13-6204, 2014 WL 6454572, at *5-6 (E.D. Pa. Nov. 17, 2014) (finding that the exception under § 2244(d)(1)(D) did not apply where the petitioner "himself or his family or others at his request could have inquired to determine the status of his direct appeal."). His failure to take any action to inquire about the status of his appeal for more than fifteen months after the appeal was denied demonstrates a lack of due diligence. Moreover, had Petitioner taken action within the statutory period, he could have easily discovered that his appeal was denied and could have timely filed the instant Petition. See Rosario v. Harlow, No. 12-1305, 2012 WL 3155541, at *5 (E.D. Pa. July 31, 2012) ("The fact that [the petitioner's]

14

appeals had been dismissed was a matter of public record that either he or his wife could have learned by merely contacting the Court of Common Pleas or the Prothonotary of the Pennsylvania Superior Court."). For these reasons, the exceptions that delay the accrual of the one-year statute of limitations do not apply to Petitioner's claims.

### D. Petitioner's Objection to the Finding That Equitable Tolling Does Not Apply Is Without Merit

Petitioner's fourth objection is that equitable tolling should apply to delay the accrual of the statute of limitations. (Doc. No. 14 at 34-37.) Specifically, Petitioner claims that his attorney's alleged misconduct constituted an extraordinary circumstance and that he acted diligently to pursue his rights. (Id.) However, these allegations are not sufficient to warrant equitable tolling.

The AEDPA's one-year statute of limitations is subject to equitable tolling if the petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Determining whether a petitioner "has been pursuing his rights diligently" is a subjective standard and requires considering the particular circumstances which led to the petitioner's delay. Fisher v. McGinley, No. 14-5478, 2016 WL 6995045, at *1 n.2 (E.D. Pa. Nov. 29, 2016). Under this rule, a petitioner is not required to display "the maximum feasible diligence," but must show that he acted with "reasonable diligence," even if faced with attorney error. Schlueter, 384 F.3d at 77 (petitioner did not show reasonable diligence when he did not make any effort to confirm that the lawyer had filed a timely petition, despite being aware of the deadline and being misled by a lawyer who said he would file for post-conviction relief). Reasonable diligence involves advancing claims "within a reasonable time of their availability." See Pace, 544 U.S. at 419

15

(holding that a petitioner who "waited years, without any valid justification, to assert these claims" failed to display reasonable diligence to warrant equitable tolling). Excusable neglect is not sufficient. Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998).

In the instant case, Petitioner's claim that he was diligent is not supported by the record. As the Magistrate Judge observed:

> Henry made no effort to keep abreast of the status of his appeal over the 15 months from the date of denial until the time when he finally wrote to the court. Nor does he contend that he made any effort during those 15 months to contact his counsel to check on the status of his appeal. He does not allege any circumstances that would have prevented him from pursuing either course.

(Doc. No. 13 at 11.)

Moreover, Petitioner's contention that he relied on his counsel who failed to inform him of the denial of his appeal provides no excuse to the requirement that he exercise reasonable diligence to meet the statutory habeas filing deadline. (Id.) A petitioner must exercise reasonable diligence even where there is attorney malfeasance. See Schuleter, 384 F.3d at 773 ("Generally, in a non-capital case . . . , attorney error is not a sufficient basis for AEDPA's one-year period of limitation); see also Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (finding that the petitioner did not demonstrate a causal relationship between an extraordinary circumstance of the lateness of his filing if, acting with reasonable diligence, he could have filed on time notwithstanding the extraordinary circumstance).

Petitioner's failure to take any action to inquire about the status of the appeal for more than fifteen months after the appeal was denied demonstrates a lack of reasonable diligence. See Fisher v. McGinley, No. 14-5478, 2016 WL 6995045, at *1 n.2 (E.D. Pa. Nov. 29, 2016) (concluding that the petitioner did not exhibit reasonable diligence, despite making two inquiries to his counsel about the status of his PCRA petition, because he took no further action to protect

16

his rights for more than nine months after receiving no response); Apostolec v. Superintendent Tice, No. 16-919, 2016 WL 7242571, at *4 (E.D. Pa. Oct. 31, 2016), (holding that a petitioner who thought counsel had filed his petition and wrote two unanswered letters, but waited six months to file his writ, was not reasonably diligent); but see Holland v. Florida, 560 U.S. 631, 653 (2010) (finding that the petitioner acted with reasonable diligence by "not only [writing] his attorney numerous letters seeking crucial information and providing direction[,] [but] also repeatedly contact[ing] the state courts, their clerks, and the Florida State Bar Association in an effort to have [his counsel] – the central impediment to the pursuit of his legal remedy – removed from his case."); Ross v. Varano, 712 F.3d 784, 802 (3d Cir. 2013) (a petitioner who "regularly and repeatedly . . . attempted to pursue his appeal through letters and phone calls to his attorney and to the courts," but was misled as to the status of his appeal by his attorney and by the trial court, exhibited reasonable diligence.). In sum, Petitioner did not act with reasonable diligence to invoke equitable tolling.

Not only is Petitioner required to act with reasonable diligence, but Petitioner must also show that some extraordinary circumstance stood in his way to prevent timely filing. Holland, 560 U.S. at 649. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary circumstances' required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

The United States Court of Appeals for the Third Circuit has held that an attorney's failure to timely notify a client of the disposition of an appeal is the sort of attorney error that does not rise to the level of an extraordinary circumstance warranting equitable tolling. LaCava v. Kyler, 398 F.3d 271, 276-77 (3d Cir. 2005). Furthermore, an attorney's failure to notify a defendant of the disposition of his appeal is "ordinary neglect," and is not an extraordinary

17

circumstance. See Wright v. Collins, No. 12-2414, 2014 WL 221954, at *4 (E.D. Pa. Jan. 21, 2014); see also Etienne v. Sobina, No. 10-5522, 2011 WL 3497337, at *5 (E.D. Pa. Aug. 10, 2011); Alexander v. Varner, No. 00-4589, 2006 WL 2945248, at *3 (E.D. Pa. Oct. 11, 2006); Grave v. Folino, No. 05-6294, 2006 U.S. Dist. LEXIS 29989, at *12 (E.D. Pa. May 17, 2006); Smith v. Gillis, No. 03-6186, 2004 WL 573957, at *3 (E.D. Pa. Mar. 4, 2004).

Petitioner refers to Baldayaque v. United States, in which the Court held "that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." 338 F.3d 145, 152 (2d Cir. 2003) (emphasis omitted). The facts of Baldayaque included an attorney who never met his client, failed to conduct any research, and failed to file the habeas petition as requested by his client. Id. These facts were found to be "extraordinary circumstances." Id. They differ significantly from the facts of the instant case, where Petitioner simply did not receive timely information about the status of his appeal. Id.

Petitioner was neither diligent, nor prevented from filing by any extraordinary circumstance. Petitioner's failure to take any action to pursue his rights during the fifteen months following the decision on his appeal does not meet the reasonable diligence standard. In addition, the negligence of petitioner's counsel is not considered to be an extraordinary circumstance to warrant equitable tolling. In conclusion, Petitioner's fourth objection that equitable tolling applies to his case is unavailing.

### E. Petitioner's Objection to the Denial of a Certificate of Appealability Is Without Merit

Petitioner's fifth objection is to the Magistrate's recommendation that a certificate of appealability should not be issued. (Doc. No. 14 at 3.) A certificate of appealability is issued pursuant to 28 U.S.C. § 2253(c). Section 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c). The certificate of appealability is available for cases in which reasonable jurists could debate whether a valid constitutional claim underlies that habeas petition. As the United States Supreme Court explained:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Petitioner's claims are procedurally time-barred by the AEDPA's one-year statute of limitations. The procedural bar is present in the instant case, so reasonable jurists would not conclude that Petitioner "should be allowed to proceed further." Id. Furthermore, Petitioner's other claims do not meet the statutory standard

for issuance of a certificate of appealability. Therefore, a certificate of appealability will not be issued.

## V. CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Heffley's Report and Recommendation (Doc. No. 13) and will deny the Petition for Writ of Habeas Corpus (Doc. No. 3). An appropriate Order follows.