IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL JOSEPH HENRY,

    Petitioner,

v.

BARRY SMITH, et al.,

    Respondents.

CIVIL ACTION
NO. 16-5010

## OPINION

**Slomsky, J.**                                                                                                                                                **October 23, 2017**

### I.    INTRODUCTION AND BACKGROUND

On March 12, 2013, Petitioner Michael Joseph Henry was convicted in state court of nine counts of making a false written statement concerning the purchase of a firearm in violation of 18 Pa. Const. Stat. § 6111(g)(4), seven counts of unlawfully transferring a firearm, id. § 6111(g)(1), and seven counts of making a false unsworn statement to authorities, id. § 4904(B). (Doc. No. 13 at 1.) The trial court sentenced him to 20 to 66 years' imprisonment. (Id.) On May 12, 2015, the Pennsylvania Superior Court affirmed the trial court's sentence. (Id.) Petitioner did not appeal the decision to the Pennsylvania Supreme Court or file a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). (Id. at 2.)

On October 16, 2016, Petitioner filed a pro se Petition for Writ of Habeas Corpus.[1] He argued that:

> (1) Pennsylvania lacked the power to prosecute him because it "abdicated its Tenth Amendment sovereign police power to prosecute" by opting into the

---

[1] The petition was received by the Clerk of this Court on October 20, 2016. (Doc. No. 1 at 1.) However, it was filed according to the date on the document, October 16, 2016, in accordance with the prison mailbox rule. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

1

> Violent Offender Incarceration and Truth in Sentencing Incentive Program; (2) the prosecution's failure to draft bills of information in the conjunctive, as opposed to the disjunctive, and to charge the essential elements that rendered his crime "aggravated," deprived the trial court of subject matter jurisdiction; (3) counsel was ineffective in failing to properly advise him of the trial court's lack of jurisdiction to convict him; (4) his sentence was unconstitutional because it was ex post facto and constituted cruel and unusual punishment; and (5) counsel was ineffective in failing to object to inflammatory victim impact statements and other exhibits in the presentencing report.

(Id.) On February 28, 2017, Magistrate Judge Heffley issued a Report and Recommendation ("R&R"), recommending that this Court deny Petitioner's claims as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Id. at 1.) On March 14, 2017, Petitioner filed Objections to the R&R. (Doc. No. 14.) On July 10, 2017, this Court issued an Order and accompanying Opinion, approving and adopting the R&R and denying the Petition for Writ of Habeas Corpus. (Doc. No. 16.)

On July 31, 2017, Petitioner filed a Motion for Enlargement of Time and a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59. (Doc. Nos. 18, 20.) He argues that "newly discovered precedents . . . would have change[d] the result of the proceeding" and that "the Court . . . misunderstood his objections resulting in a manifest error of law." (Doc. No. 20 at 1.) On August 1, 2017, the Court granted Petitioner's Motion for Enlargement of Time. (Doc. No. 19.) For reasons stated below, however, the Court will deny the Motion for Reconsideration.

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in

controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).

A motion for reconsideration should only address "factual and legal matters that the Court may have overlooked." In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). It is improper that a motion for reconsideration ask the court to "rethink what it had already thought through—rightly or wrongly." Id. (quoting Glendon Energy Co., 836 F. Supp. at 1122). A motion for reconsideration is not a tool to present new legal theories or arguments that could have been asserted to support the first motion. Federico v. Charterers Mut. Assur. Ass'n, Ltd., 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001).

Where the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the issues overlooked might reasonably have resulted in a different conclusion. Cataldo v. Moses, 361 F. Supp. 2d 420, 433 (D.N.J. 2004). Federal courts have a strong interest in the finality of judgements and therefore should grant motions for reconsideration sparingly. In re Asbestos Prods. Liab. Litig. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011).

### III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 59, Petitioner requests that the Court reconsider its Order adopting the R&R and denying his Petition for Writ of Habeas Corpus. (Doc. No. 20.) In particular, Petitioner asserts that "newly discovered precedents" would have changed the result of the first proceeding. (Id. at 1.) Because that result turned on the Court's

determination that AEDPA time-barred the habeas petition, the Court need only address whether Petitioner cites newly discovered evidence or law that would have altered that decision. For reasons explained below, Petitioner's arguments lack merit and the Motion will be denied.

**A. Day v. McDonough Is Not Newly Discovered Precedent That Would Have Altered the Court's Conclusion**

Petitioner first asserts that applying Day v. McDonough, 547 U.S. 198 (2006), would have altered the Court's determination that AEDPA time-barred his habeas petition. (Doc. No. 20 at 3.) In Day, the Court held that where the State fails to assert the untimeliness of a petitioner's habeas corpus petition, district courts are permitted to consider the issue of timeliness on their own initiative. 547 U.S. at 209. In those situations, district courts must provide parties with notice and an opportunity to present their positions and must "'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." Id. at 210-11 (quoting Granberry v. Greer, 481 U.S. 129, 136 (1987)).

Here, Petitioner asks the Court to apply Day. (Doc. No. 20 at 3-5.) He contends that "the interests of justice would be better served" if the Court addressed the merits of his case instead of dismissing it as untimely. Id. Contrary to his argument, however, Day does not apply here. In this instance, Respondent asserted timeliness in its response to the habeas petition. (Doc. No. 10 at 3.) As such, the Court did not address timeliness on its own initiative and had no reason to apply Day.

**B. Petitioner Does Not Assert New Evidence That Would Allow Him to Apply the Actual Innocence Exception to AEDPA's Statute of Limitations**

Petitioner argues that applying McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), would have allowed his habeas petition to bypass AEDPA's statute of limitations. (Doc. No. 20 at 5-6.) In

4

Perkins, the Court held that a showing of actual innocence permits a petitioner to overcome procedural impediments—like AEDPA's statute of limitations—that bar consideration of the merits of a claim. 133 S.Ct. at 1928. The Supreme Court narrowly confined this exception to cases in which new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted [the petitioner]." Id. at 1933 (alteration in original) (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Here, Petitioner fails to meet this standard. In his Motion, he claims that new evidence demonstrates that the trial court "had neither subject-matter jurisdiction, nor Tenth Amendment Jurisdiction to convict or punish [him]." (Doc. No. 20 at 6.) However, he does not provide new evidence or facts that would support these assertions. His arguments merely address procedural issues already argued in his habeas petition. They neither speak to nor prove whether Petitioner is actually innocent of his crimes. Accordingly, his argument that the actual innocence exception applies here lacks merit.

### C. Davila v. Davis Does Not Change the Court's Determination that the Exceptions to AEDPA's One-Year Statute of Limitations Do Not Apply Here

Petitioner claims that his Petition would have fit within the exception provided in 28 U.S.C. § 2244(d)(1)(B) to AEDPA's statute of limitations had the Court applied Davila v. Davis, 137 S. Ct. 2058 (2017). (Doc. No. 20 at 14-15.) Section 2244(d)(1)(B) provides that AEDPA's one-year statute of limitations begins on "the date on which the impediment to filing an application created by State action in violation or the Constitution of the laws of the United States is removed, if the applicant was prevented from filing [a petition for writ of habeas corpus] by such State action." § 2244(d)(1)(B). Thus, an exception applies where state action constitutes an illegal or unconstitutional impediment to Petitioner filing the writ of habeas corpus. Id. In his objections to the R&R, Petitioner maintained that this exception applied to his case.

5

(Doc. No. 14 at 29-33.) In particular, he argued that his lawyers' failure to inform him that his direct appeal had been denied by the Pennsylvania Superior Court prevented him from filing a habeas petition and amounted to ineffective assistance of counsel. (Id. at 30-31.) Because his counsel was a public defender, paid for by the state, he contended that his counsel's representation constituted state action. (Id.) Citing contrary precedent, the Court found his argument to be meritless. (Doc. No. 16 at 12-13.)

Davila held that the ineffective assistance of post-conviction counsel in federal habeas corpus cases does not provide cause to excuse the procedural default of ineffective-assistance-of-appellate-counsel claims. 137 S. Ct. at 2063. In its analysis, the Court cited the long-held rule that attorney error amounting to constitutionally ineffective assistance is "imputed to the State," while attorney error that does not violate the Constitution is attributed to the prisoner. Id. at 2065.

In the instant case, Petitioner mistakenly argues that Davila stands for the proposition that his ineffective-assistance-of-counsel claim satisfies AEDPA's state action exception. The Court in Davila referred to state action within the context of Sixth Amendment violations. Courts applying the § 2244(d)(1)(B) exception, however, have found that the "conduct of counsel, whether retained or appointed, does not constitute state action." See Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007); see also Bailey v. Marcus, No. 13-255, 2013 WL 2422754, at 2* (W.D. Pa. May 31, 2013). A public defender representing a defendant in a criminal case is not engaged in state action, even if a state pays for his services. Polk Cty. v. Dodson, 454 U.S. 312, 320-21 (1981). Davila has not altered the state of this law. Accordingly, Petitioner's argument that Davila would affect its original determination lacks merit.

6

**D. This Court Did Not Err in Denying the Petition Without an Evidentiary Hearing**

Finally, Petitioner contends that under <u>Townsend v. Sain</u>, 372 U.S. 293 (1963), the Court erred by adopting the Magistrate Judge's determination that § 2244(d)(1)(D) did not apply without first conducting an evidentiary hearing. (Doc. No. 20 at 17.) Section 2244(d)(1)(D) delays the accrual of AEDPA's statute of limitations to the date when the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Petitioner claimed that this exception applied to his case because he did not learn of the "facts" of certain jurisdictional and constitutional errors until after the proceedings. (Doc. No. 20 at 22.) In the R&R, the Magistrate Judge rejected his argument, writing that "[l]ack of knowledge of the legal basis for a claim is not a ground for invoking that section's provision." (Doc. No. 13 at 7-8.) Petitioner now contends that <u>Townsend</u> required this Court to hold an evidentiary hearing before adopting the Magistrate's recommendation on this issue. (Doc. No. 20 at 17.)

Petitioner's reliance on <u>Townsend</u> is misguided. In <u>Townsend</u>, the Supreme Court articulated standards regarding when a district court was required to conduct a federal habeas evidentiary hearing. <u>Townsend</u>, 372 U.S. at 312-13. These standards were superseded by AEDPA and are no longer good law. <u>Palmer v. Hendricks</u>, 592 F.3d 386, 392 (3d Cir. 2010) (citing § 2254). AEDPA permits district courts to hold evidentiary hearings in limited circumstances. <u>Id.</u> Under § 2254, a court may hold an evidentiary hearing if a petitioner's claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." § 2254(e)(2)(A)(ii). Again, Petitioner does not assert a "factual predicate." His lack of knowledge of the purported legal bases for the claims raised in his habeas petition does not provide a statutory basis for delaying AEDPA's one-year statute of limitation.

7

Accordingly, the Court did not err in denying Petitioner's habeas petition without an evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's Motion for Reconsideration (Doc. No. 20.) An appropriate Order follows.